## TITLE QUIETED AGAINST PURCHASER AT TAX SALE.

Court of Appeals for Wood County.

ELLA SIMPSON POWERS v. WILLIAM HENNING ET AL.

Decided, November 13, 1914.

*Tax Deed—Rendered Invalid by Indefinite Description of the Land Sold —Recovery by Holder of Such Deed for Taxes and Penalties Paid— Limited by the Six Years Statutes of Limitations.*

1. Title may be quieted against the holder of a tax deed embodying a description of the land sold which is so indefinite as to render void the proceedings of the forfeited land sale upon which the deed is based.
2. The amount of the lien which may be asserted by the holder of a tax deed so declared invalid is limited to money advanced for taxes and penalties during the six years last preceding.

*F. H. Reed* and *B. F. James,* for plaintiffs.
*N. R. Harrington,* contra.

CHITTENDEN, J.

This action was brought by the plaintiff to obtain a decree quieting the title to certain real estate described in the petition. The defendant, William Henning, by an answer and cross-petition, claims to be the owner in fee simple and in the possession of the property described in the petition, and denies that the plaintiff has any interest in said property, and asks that his title may be quieted as against any claim of the plaintiff. The

defendant, Amos Powers, alleges that on or about the 9th day of December, 1895, one William Hertzer bought the premises described in the petition at a forfeited land sale and that thereafter he paid taxes upon the property at the times and in the amounts set forth in his answer and cross-petition, and he claims that the amounts so paid by him, together with interest thereon, aggregated the sum of $157.44 on the 15th day of March, 1911. He alleges that on March 10th, 1911, the said William L. Hertzer assigned to him the auditor's certificate of tax sale and all the interest that the said Hertzer had in the premises by reason of the payment of taxes as alleged, and further that on said March 10th, 1911, Amos Powers obtained a deed from the auditor of Wood county for the above described premises. which deed was thereafter recorded in the record of deeds of Wood county; and he further alleges that since that time he has paid certain taxes upon the property in the amounts and at the times set forth in the petition.

The defendant, William Henning, by his answer to the cross-petition of Amos Powers, sets up that the sale of said premises at forfeited land sale was invalid, and that it had theretofore been so held and adjudicated in this action, and he further alleges that the defendant, Amos Powers, has no lien upon said land for any taxes paid thereon prior to a period of six years preceding the filing of the cross-petition of the said Amos Powers; and he alleges that any action brought to recover taxes paid prior to six years before the filing of the cross-petition is barred by the statute of limitations.

It is further alleged that the deed executed by the auditor is wholly invalid because of defective description and that the proceedings relating to the sale of the premises are wholly invalid for a like reason.

Upon trial of the case the only issue presented was as to the validity of the auditor's deed and the sale of the property upon which the deed was based, and as to whether or not, if the deed was invalid, the defendant, Amos Powers, had a lien upon the property for the full amount of the taxes paid by him unaffected by the statute of limitations.

The description recited in the deed is as follows: "Henning, William. R. 10, T 3. S 15 NW cor E.NE less Town Lots 8.18 acres." And in addition the deed sets forth that the property is situated in Henry township, Wood county.

This description is so indefinite as to invalidate the deed. We need only cite the case of *Humphries* v. *Hoffman,* 33 O. S., 395, and the cases cited by the court in the opinion on pages 400 and 401. It appears that the same description was used in all the proceedings pertaining to the sale of the property, and we hold that the sale was likewise invalid because of the indefiniteness of. the description of the property.

It therefore remains to inquire as to the extent of the lien of the defendant, Amos Powers, for the amount paid by him for the tax title and subsequent taxes paid thereon.

Section 5766, General Code, provides that the purchaser of lands at a forfeited land sale shall be held in all courts to be the assignee of the state of Ohio, and that the amount of taxes and penalties charged on the land at the time of the sale, together with all legal taxes afterwards paid thereon by the purchaser, shall be a lien on the land and may be enforced as any other lien. By this section of the statutes the Legislature has undertaken to transfer to the purchaser of lands at a forfeited land sale the lien of the state thereon. The statute of limitations does not run against the state, but exemption from the operation of the statute is a privilege of sovereignty, and this privilege can only be asserted by or on behalf of the sovereign. *Hartman* v. *Hunter,* 56 O. S., 175.

In the case just cited it was held that a civil action brought by the treasurer of a county to enforce assessments for the construction of township ditches is barred in six years after the cause of action arises.

It has been held by the Circuit Court of Hamilton County in the case of *Wiltsie* v. *McClymon et al,* 11 C.C.(N.S.), 509, that a plea of the statute of limitations is a good defense against an action to subject lands to the satisfaction of a lien for money paid for such lands at a tax sale which proved invalid.

In that case it was held that Section 11222, General Code, which provides that an action upon a liability created by a statute, other than a forfeiture or a penalty, shall be brought within six years after the cause of action accrued thereon, governed an action to subject lands to the satisfaction of a lien for money paid for the same at a tax sale.

It is entirely clear that the only right the defendant Powers has in this respect is conferred upon him by Section 5766, General Code, and that his claim is, therefore, one based upon a liability created by statute, and the six years' limitation above cited applies.

A decree may be drawn quieting the title of the defendant William Henning, against the plaintiff and against any claim of the defendant Powers by virtue of the tax title evidenced by the auditor's deed, and providing that the defendant Powers shall have a lien upon the property for taxes within six years prior to the time of the filing of his cross-petition, together with interest thereon.

The plaintiff is required to pay the costs made by her, the balance of the costs to be paid by the defendant Henning.

RICHARDS, J., and KINKADE, J., concur.